## Seiferman's Appeal

*Charles S. Shotz*, for appellant.

*Abraham J. Levy*, Special Deputy Attorney General, contra.

SMITH, P. J., August 21, 1945.—The Department of Revenue suspended petitioner's license for three months after he had been involved in a fatal accident, was guilty of reckless driving, had no inspection sticker and operated his truck with faulty brakes. Hence this appeal.

On October 2, 1944, Charles Seiferman, a bricklaying contractor, was operating his business truck southward on the west side of Frankford Avenue, in the City of Philadelphia, at about 9:20 p.m., approaching Palmer Street. At the time there were electric lights on the southwest and southeast sides of the intersection of these thoroughfares and the visibility 60 or 75 feet north of Palmer Street on the west side of Frankford

Avenue was fair. There were no trees to obscure the light. At a point 60 feet north of Palmer Street, the truck owned and operated by Charles Seiferman, struck and injured Frank Ruszak, from which injuries he died.

The evidence shows that Seiferman was operating his truck at the time at a speed of 30 miles an hour. The foot brakes of the truck were in bad condition. They would go to the floor of the truck with no tension. The emergency brake was in good condition. Officer Albert E. McMudban, Jr., of the Accident Investigation Squad of the Philadelphia Police Department, arrived on the scene of the accident about forty minutes after its occurrence and found the truck guarded by two policemen on the west side of Frankford Avenue about 29 feet south of Palmer Street. Imbedded in the radiator of the truck, he found two buttons and some clothing. At St. Mary's Hospital, where the injured man was, this officer examined his clothing and found that the buttons he had taken from the radiator of the truck matched those on the injured man's coat. At the hospital, petitioner said he was in the car at the time of the accident.

James F. Mulholland, who was seated in an automobile located at the southeast corner of Frankford Avenue and Palmer Street at the time of the collision, heard a thump and saw something flying in the air like a bundle of rags. He observed petitioner's truck going south at the time at a speed of 30 miles an hour. The bundle of rags turned out to be the injured man. The truck went 100 feet after the collision. Charles H. Van Kirk testified that the body was about 75 feet from the intersection of Palmer Street and that when the truck stopped, petitioner got out of it.

In an action in the quarter sessions court, where petitioner was indicted for manslaughter, a demurrer

was sustained. He was later fined for driving with faulty brakes and for not having a sticker.

Counsel for petitioner argues that since he was fined for the charge of driving with faulty brakes and without a sticker, the Secretary of Revenue in issuing an order of suspension, had acted without legal authority. We do not believe that this argument is sound. The act of assembly known as The Motor Vehicle Code of May 1, 1929, P. L. 905, provides a penalty for failing to have one's automobile inspected or operating it with faulty brakes. This does not prevent the Secretary of Revenue from suspending a license where there is evidence that the operator of a vehicle was guilty of reckless operation. Is it a reasonable argument for one to contend that driving an automobile truck on the public highway at night, at a speed of 30 miles an hour, with foot brakes so defective that they could be pushed to the floorboards without tension, is not reckless driving? The operator of this vehicle must have been aware of their defective condition. The fact that he hit a pedestrian with such force as to knock him up in the air like a bundle of rags and then drove on for 100 feet before bringing his truck to a stop, is conclusive evidence that the operation was reckless. It is not necessary that one must kill a pedestrian in order to find him guilty of reckless driving. All of the circumstances must be considered in reaching that conclusion and we believe from the evidence that the operator was so reckless under the circumstances that his license should be suspended.

## Order of court

And now, to wit, August 21, 1945, upon consideration of the evidence presented in the hearing on appeal, the court finds that appellant in the operation of his motor vehicle was guilty of reckless driving of such character as to require that his license should be and is hereby suspended for a period of 60 days from August 20, 1945.